UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MAXIM'S CATERERS LTD.,

        *Plaintiff*,                    Case No. 1:20-CV-2374 (KAM)(JO)

     -against-

MAXIN BAKERY, INC.,                    **<u>ANSWER WITH</u>**
                                     **<u>COUNTERCLAIMS</u>**

        *Defendant.*
--------------------------------------------------------x

Defendant Maxin Bakery, Inc. ("Defendant" or "Defendant Maxin"), through its attorneys, HUANG, CHEN & WU PLLC, by way of Answer to Plaintiff's Complaint ("Complaint"), alleges as follows:

**THE PARTIES**

1.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 1 of the Complaint.

2. Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

3. Defendant denies each and every allegation contained in Paragraph 3 of the Complaint except admitting that Defendant is a New York corporation operating at 3701 Main Street, Flushing, New York 11354.

4.    Defendant denies each and every allegation contained in Paragraph 4 of the Complaint except admitting that Defendant and its affiliates operate bakeries and cafes located at 3701 Main Street, Flushing, New York 11354, at 40-06 Main Street, Flushing, New York 11354, at 13676 Roosevelt Avenue, Flushing, New York 11354, and at 42-35 Main Street, Flushing, New York 11355 respectively.

1

5.      Defendant denies each and every allegation contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Defendant denies each and every allegation contained in Paragraph 6 of the Complaint.

7.      Defendant denies each and very allegation contained in Paragraph 7 of the Complaint and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

8.      Defendant denies each and every allegation contained in Paragraph 8 of the Complaint.

9.      Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.      Defendant denies each and every allegation contained in Paragraph 10 of the Complaint.

11.      Defendant denies each and every allegation contained in Paragraph 11 of the Complaint.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17.     Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

18.     Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19.     Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

20.     Defendant denies each and every allegation contained in Paragraph 20 of the Complaint, except admitting that Defendant and its affiliates operate bakeries and cafes using the name "Maxin Bakery", "Maxin Cafe", "美心餅屋", and "美心西餅".

21.     Defendant denies each and every allegation contained in Paragraph 21 of the Complaint, except admitting that "餅屋", literally meaning cake/cookie house, could be translated in English to "bakery" among other translations.

22.     Defendant denies each and every allegation contained in Paragraph 22 of the Complaint except admitting that Plaintiff, via its legal counsel, has contacted Defendant and then backed off from its trademark claims.

### AS AND FOR A FIRST CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

23.     Defendant denies each and every allegation contained in Paragraph 23 of the Complaint, except as otherwise pleaded herein.

24. Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

### AS AND FOR A SECOND CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

29. Defendant denies each and every allegation contained in Paragraph 29 of the Complaint, except as otherwise pleaded herein.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

**AS AND FOR A THIRD CLAIM SEEKING INJUNCTIVE**
**AND MONETARY RELIEF FOR DILUTION OF AND**
**INJURY TO THE SIEMENS TRADEMARK (15 U.S.C. §1125(c)**

34.     Defendant denies each and every allegation contained in Paragraph 34 of the Complaint, except as otherwise pleaded herein.

35.     Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

36.     Defendant denies each and every allegation contained in Paragraph 36 of the Complaint.

37.     Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

38.     Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

39.     Defendant denies each and every allegation contained in Paragraph 39 of the Complaint.

**AS AND FOR A FOURTH CLAIM SEEKING INJUNCTIVE**
**AND MONETARY RELIEF FOR DILUTION AND INJURY TO**
**BUSINESS REPUTATION IN VIOLATION OF N.Y. GEN. BUS. LAW §360-1**

40.     Defendant denies each and every allegation contained in Paragraph 40 of the Complaint, except as otherwise pleaded herein.

41.     Defendant denies each and every allegation contained in Paragraph 41 of the Complaint and respectfully refers the Court to the underlying statute for the precise and accurate interpretation.

42.     Defendant denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

**AS AND FOR A FIFTH CLAIM SEEKING
INJUNCTIVE AND MONETARY RELIEF FOR UNFAIR
COMPETITION IN VILATION OF THE COMMON LAW**

47. Defendant denies each and every allegation contained in Paragraph 47 of the Complaint except as otherwise pleaded herein.

48. Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Defendant denies each and every allegation contained in Paragraph 52 of the Complaint.

53.     Defendant denies each and every allegation contained in Paragraph 53 of the Complaint.

54.     Defendant denies each and every allegation contained in Paragraph 54 of the Complaint.

## AFFIRMATIVE DEFENSE

### FIRST SEPARATE DEFENSE

#### (Fair Use)

55.     Plaintiff's claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### SECOND SEPARATE DEFENSE

#### (Lack of Secondary Meaning)

56.     Plaintiff's claims are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

### THIRD SEPARATE DEFENSE

#### (Noncompeting Goods and Services)

57.     Plaintiff's claims are barred, in whole or in part, because Defendant offers goods and services which are not competing with Plaintiff's in the area and scope in which Plaintiff's purported registration extends protection to Plaintiff.

### FOURTH SEPARATE DEFENSE

#### (Inapplicable Registration Classes)

58.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's marks are not under registration protection when the registration classes of Plaintiff's purported trademark do not cover Defendant's goods and services, in whole or in part.

## FIFTH SEPARATE DEFENSE

### (Abandonment)

59. Plaintiff's claims are barred, in whole or in part, because Plaintiff abandoned its purported trademarks in whole or in part.

## SIXTH SEPARATE DEFENSE

### (Abandonment-No Use)

60. Upon information and belief, Plaintiff has not continuously used the marks "Mei-Xin" and "美心" in the United States, especially in the geographical area in which Defendant and its affiliates provide goods and service.

61. Upon information and belief, Plaintiff has discontinuously used the marks "Mei-Xin" and "美心" in the United States, especially in the geographical area in which Defendant and its affiliates provide goods and service.

62. Upon information and belief, Plaintiff has not continuously used and/or has discontinuously used the marks "Mei-Xin" and "美心" for the goods and service upon which Plaintiff obtained trademark Federal registration.

63. Instead, upon information and belief, Plaintiff uses "Hong Kong Mei Xin" and "香港美心" marks for its goods and service.

## SEVENTH SEPARATE DEFENSE

### (Implied License to Defendant)

64. Plaintiff's claims are, in whole or in part, barred because Plaintiff's implied license to Defendant and its affiliates for the use of Plaintiff's purported trademarks.

## EIGHTH SEPARATE DEFENSE

(Plaintiff's Naked Licensing to Third Parties)

65.     Plaintiff's claims are, in whole or in part, barred because Plaintiff's naked licensing of Plaintiff's purported trademarks to third-parties.

## NINTH SEPARATE DEFENSE

(Lack of Distinctiveness)

66.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported trademarks lack the required distinctiveness, in whole or in part.

## TENTH SEPARATE DEFENSE

(No Likelihood of Confusion)

67.     Plaintiff's claims are barred, in whole or in part, because Defendant's use of its marks and trade name at issue are not confusingly similar to Plaintiff's purported trademarks.

## ELEVENTH SEPARATE DEFENSE

(No Likelihood of Dilution)

68.     Plaintiff's claims are barred, in whole or in part, because Defendant's use of its marks and trade name at issue causes no likelihood of dilution of Plaintiff's purported trademarks.

## TWELFTH SEPARATE DEFENSE

(Not Famous Marks)

69.     Plaintiff fails to state a Federal dilution claim when Plaintiff's Marks are not famous within the meaning of 15 U.S.C. § 1125(c).

## THIRTEENTH SEPARATE DEFENSE

### (Fraud)

70.    Plaintiff's claims are, in whole or in part, barred due to the fact that Plaintiff's registered trademarks were obtained and/or maintained by fraud and misrepresentations to U.S. Patent and Trademark Office ("USPTO").

71.    Plaintiff alleges that they are the registrant of the marks "Mei-Xin", "Mei-Xin", and "美 心" under U.S. Trademark Registration Numbers 3463989, 3390314, and 3389776, respectively (the "Registrations").

72.    Upon information and belief, Plaintiff has made false, material representations of fact in connection with their applications for the Registrations, with the intent to deceive USPTO in order to obtain and maintain registrations.

73.    First, the Registrations were filed with the USPTO as applications for bona fide intention to use trademarks under 15 U.S.C. § 1051(b) on or about February 9, 2005, representing to USPTO that it had not started to use the Plaintiff's marks in commerce but intended to use them in the future. In documents filed with the USPTO years later, Plaintiffs then claimed that the marks had already been used in commerce at least as early as 1994.

74.    Second, upon information and belief, at time of Plaintiff's trademark application, it knew or should have known the marks it intended to register had been used by others in the United States.

75.    Upon information and belief, at time of Plaintiff's trademark application, it knew or should have known the marks it intended to register had been used by Defendant and its affiliates for years.

76.     Despite such knowledge, Plaintiff, acting in bad faith, applied for trademark registration with USPTO, falsely claiming that there was no use of its purported marks by others.

77.     Third, in documents filed with the USPTO, Plaintiffs have claimed several international classes and represented to USPTO in its Statement of Use that it had started to put its marks in actual use in those classes, while the fact was that it had not started to use them is those specific classes.

78.     Upon information and belief Plaintiff has not used those marks for those claimed classes in commerce to date, over 15 years after Plaintiff's intent to use applications.

## FOURTEENTH SEPARATE DEFENSE

### (Unclean Hands)

79.     Plaintiff's claims are, in whole or in part, barred by the doctrine of unclean hands.

## FIFTEENTH SEPARATE DEFENSE

### (Senior User)

80.     Plaintiff's claims are, in whole or in part, barred because Defendant and its affiliates' use of the marks at issue was prior to Plaintiff's registration and actual use in commerce.

## SIXTEENTH SEPARATE DEFENSE

### (Geographic Limitations)

81.     Plaintiff's claims are, in whole or in part, barred because Defendant and its affiliates' goods and services are offered in a geographically distinct location from Plaintiff's use of its purported trademarks and/or in a territory in which Defendant and its affiliates are senior users of the marks at issue.

## SEVENTEENTH SEPARATE DEFENSE

### (Innocence)

82.     Plaintiff's claims are, in whole or in part, barred because the alleged infringement, if any, was innocent.

## EIGHTEENTH SEPARATE DEFENSE

### (Trademark Misuse)

83.     Plaintiff's claims are, in whole or in part, barred by the doctrine of trademark misuse.

## NINETEENTH SEPARATE DEFENSE

### (Trademark Misuse-Misidentification)

84.     Plaintiff always or at least frequently uses the words "Hong Kong" together with "Mei Xin" and uses "香港" together with "美心" in marking its goods and service, mis-associating its goods with something produced in Hong Kong.

85.     However, upon information and belief, the majority of Plaintiff's goods are not made in Hong Kong.

86.     Therefore, Plaintiff's marks are used in a way tending to mislead and confuse customers about the features, identity, and/or origin of its goods and service.

## TWENTIETH SEPARATE DEFENSE

### (Trademark Misuse-Use for Illegitimate Interest)

87.     Plaintiff is not providing goods or service same as Defendant is providing in New York.

88.     Plaintiff's marks are not federally registered for the classes in which Defendant is providing goods and service.

89.     Plaintiff intends to disrupt Defendant's business and harass Defendant who is successful in a specific market in which Plaintiff plans to enter into in the future after ousting Defendant.

90.     Plaintiff uses its marks as tools for groundless claims against Defendant for illegitimate profits and/or market preservation.

91.     Therefore, Plaintiff misuses its marks as instruments for unfair competition, obtain monopoly in market, harass other market players, and blackmail for illegitimate benefits.

**TWENTY-FIRST SEPARATE DEFENSE**

(Laches)

92.     Plaintiff's claims are, in whole or in part, barred by the doctrine of laches.

**TWENTY-SECOND SEPARATE DEFENSE**

(Acquiescence)

93.     Plaintiff's claims are, in whole or in part, barred by the doctrine of acquiescence.

**TWENTY-THIRD SEPARATE DEFENSE**

(Waiver)

94.     Plaintiff's claims are, in whole or in part, barred by the doctrine of waiver.

**TWENTY-FOURTH SEPARATE DEFENSE**

(Estoppel)

95.     Plaintiff's claims are, in whole or in part, barred by the doctrine of estoppel.

**TWENTY-FIFTH SEPARATE DEFENSE**

(Statute of Limitations)

96.     Plaintiff's claims are, in whole or in part, barred by the statute of limitations.

## TWENTY-SIXTH SEPARATE DEFENSE

### (No Mitigation)

97.     Plaintiff's claims are, in whole or in part, barred by Plaintiff's failure to take reasonable steps to mitigate, alter, reduce, or otherwise diminish its alleged damages, and accordingly is barred from recovery of any damages that might have been prevented by such mitigation.

## TWENTY-SEVENTH SEPARATE DEFENSE

### (Unfair Competition/Bad Faith)

98.     On information and belief, Plaintiff commenced this action for the sole or primary purpose of harassing a successful potential competitor in a market that Plaintiff may seek to enter in the future.

## TWENTY-EIGHTH SEPARATE DEFENSE

### (Mark Invalidity)

99.     Plaintiff's claims are, in whole or in part, barred due to the invalidity of Plaintiff's purported trademarks at issue.

## TWENTY-NINTH SEPARATE DEFENSE

### (Good Faith Use)

100.    Plaintiff's claims are, in whole or in part, barred because all relevant times, Defendant used Plaintiff's purported trademarks in good faith.

## THIRTIETH SEPARATE DEFENSE

### (Good Faith)

101.     At all relevant times, Defendant acted in complete good faith, thereby prohibiting a finding of intentional or willful conduct, and prohibiting the imposition of treble, and/or punitive damages.

## THIRTY-FIRST SEPARATE DEFENSE

### (Failure to State a Claim)

102.     Plaintiff's claims are, in whole or in part, barred when Plaintiff failed to state a claim upon which relief may be granted.

## THIRTY-SECOND SEPARATE DEFENSE

### (Duplicative Claims)

103.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## THIRTY-THIRD SEPARATE DEFENSE

### (Insufficiency of Process)

104.     This action must be dismissed by reason of insufficiency of process.

## THIRTY-FOURTH SEPARATE DEFENSE

### (Personal Jurisdiction)

105.     This Court lacks personal jurisdiction over the Defendant because the Summons and Complaint was not properly served upon the Defendant.

## THIRTY-FIFTH SEPARATE DEFENSE

### (Supplemental Jurisdiction)

106.     This Court shall not employ supplemental jurisdiction over Plaintiff's claims under New York law when Plaintiff fails to maintain its federal claims.

## THIRTY-SIXTH SEPARATE DEFENSE

### (Reservation of Rights and Additional Defenses)

107.     Defendant reserves the right to assert additional affirmative defenses as such additional defenses become known through investigation, discovery or otherwise.

## COUNTERCLAIMS

### The Parties

108.     Defendant realleges paragraphs 1 through 107 as if fully set forth herein

109.     RKC 135 Inc. was incorporated under the laws of New York State on or about July 24, 2001.

110.     RKC Bakery Cafe, Inc. was incorporated under the laws of New York State on or about December 27, 2002, and registered with New York State of Department for doing business as Maxin Bakery in or about February 2003.

111.     RKC Bakery Cafe, Inc. was dissolved on or about August 7, 2015.

112.     Defendant Maxin Bakery Inc. was incorporated under the laws of New York State on or about February 1, 2008.

113.     Kenan Bakery, Inc. was incorporated under the laws of New York State on or about April 5, 2010.

114.     Maxin Bakery 4235 Inc. was incorporated under the laws of New York State on or about November 28, 2017.

115.    There is overlapping of ownership among Defendant and above companies ("Defendant and its Affiliates").

116.    Upon information and belief, Plaintiff is a corporation organized under the laws of the Hong Kong Special Administrative Region of the People's Republic of China.

## Jurisdiction and Venue

117.    This Court has jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116, 1119, 1121 and 1125; 28 U.S.C. § 1338(b) and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. §§ 1331 (b) and (c).

118.    Plaintiff, having brought suit against Defendant Maxin, has submitted itself to the jurisdiction of this Court.

## Background Facts

119.    Defendant and its Affiliates operate bakery stores or cafes within New York State since 2002, making and offering bakery goods and drinks to customers.

120.    Defendant and its Affiliates have been using "美心" as their tradename, trademark, and service mark for their goods and service since 2002.

121.    Defendant and its Affiliates have been using "Maxin" as their tradename, trademark, and service mark for their goods and service since 2002.

122.    Defendant and its Affiliates have been using the following mark for their goods and service since 2002.



123.   Upon information and belief, in 2005, Plaintiff filed trademark applications with USPTO with intention to use "美心" and "Mei-Xin" marks under 15 U.S.C. § 1051(b).

124.   Upon information and belief, in 2008, Plaintiff filed its statement to use with USPTO, alleging that it had started to use "美心" and "Mei-Xin" marks in commerce in the classes it intended to register.

125.   Upon information and belief, on or about February 9, 2005 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



126.   Upon information and belief, on or about February 12, 2016 Plaintiff filed trademark applications with the USPTO to use the following as a mark.

HONG KONG MX MOONCAKES

127.   Upon information and belief, on or about February 16, 2016 Plaintiff filed trademark applications with the USPTO to use the following as a mark.

HONG KONG MX SNOWY

128.   Upon information and belief, on or about April 15, 2016 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



129.    Upon information and belief, on or about May 23, 2016 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



130.    Upon information and belief, on or about May 23, 2016 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



131.    Upon information and belief, on or about May 23, 2016 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



132.    Upon information and belief, on or about June 14, 2016 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



133.    Upon information and belief, on or about June 15, 2018 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



134.    Upon information and belief, on or about November 5, 2018 Plaintiff filed trademark applications with the USPTO to use the following as a mark.

MX

135.    Upon information and belief, on or about October 9, 2019 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



136. Upon information and belief, on or about June 18, 2020 Plaintiff filed trademark applications with the USPTO to use the following as a mark.



137. Upon information and belief, Plaintiff is not operating any bakery stores or cafes in the United States.

138. Upon information and belief, Plaintiff has never operated a bakery store or a cafe in the United States.

139. To enter into the New York market, Plaintiff sought to supply its goods to Defendant's and its Affiliate's stores under the marks well-established by Defendant and its Affiliates in New York, with intention to trade on and misappropriate the good will that the Defendant and its Affiliates had developed through hard work.

140. After using Defendant and its Affiliates' stores and their marks to enter into New York market, Plaintiff started its campaign attempting to disrupt the business of Defendant and its Affiliates and ouster them out of New York market by willfully promoting its products with marks similar to Defendant's.

## COUNTERCLAIM COUNT I

### Cancellation or Restriction of Registration Based on Defendant's Prior Use

141. Defendant realleges paragraphs 1 through 140 as if fully set forth herein.

142. The marks in Plaintiff's Registration is identical or similar to the marks of Defendant and its Affiliates.

143. Defendant and its Affiliates started to use their marks in connection with bakery goods and service prior to Plaintiff's fraudulent application with USPTO for the marks they intended to use.

144. Plaintiff is not entitled to federal registration of their marks when senior users existed.

145. As a result, Plaintiff's registered marks are invalid and void ab initio, and they should therefore be cancelled.

## COUNTERCLAIM COUNT II

### Cancellation or Restriction of Registration Based on Fraud

146. Defendant realleges paragraphs 1 through 145 as if fully set forth herein.

147. Upon information and belief, Plaintiff has made false, material representations of fact in connection with their applications for the Registrations, with the intent to deceive USPTO in order to obtain and maintain registrations.

148. First, the Registrations were filed with the USPTO as applications for bona fide intention to use trademarks under 15 U.S.C. § 1051(b) on or about February 9, 2005.

149. Plaintiff represented to USPTO that it had not started to use the Plaintiff's marks in commerce but intended to use them in the future.

150. In documents filed with the USPTO years later, Plaintiffs then falsely claimed that the marks had already been used in commerce at least as early as 1994.

151. Second, upon information and belief, at time of Plaintiff's trademark application, it knew or should have known the marks it intended to register had been used by others in the United States.

152. Upon information and belief, at time of Plaintiff's trademark application, it knew or should have known the marks it intended to register had been used by Defendant and its affiliates for years.

153. Despite such knowledge, Plaintiff, acting in bad faith, applied for trademark registration with USPTO, falsely claiming that there was no use of its purported marks by others.

154. Third, in documents filed with the USPTO, Plaintiffs have claimed several international classes and represented to USPTO in its Statement of Use that it had started to put those marks in actual use in those classes, while the fact was that it had not started to use them is those specific classes.

155. Upon information and belief Plaintiff has not used those marks for those claimed classes in commerce to date, over 15 years after Plaintiff's intent to use applications.

156. Because Plaintiff's registration was fraudulently obtained, Plaintiff is not entitled to federal registration of its marks.

157. As a result, Plaintiff's trademarks are invalid and void ab initio, and they should therefore be cancelled.

## COUNTERCLAIM III

**Cancellation or Restriction of Registration Based on Failure to Comply with Statutory Criteria**

158. Defendant realleges paragraphs 1 through 157 as if fully set forth herein.

159. Plaintiff's application for the trademark registration did not comply with the statutory criteria, including but not limited to the "use in commerce" requirement.

160. In addition, Plaintiff's intent-to-use registration lacked good faith when Plaintiff was aware of the existence of senior users in the United States in the classes Plaintiff allegedly intended to use or register.

161.    Because Plaintiff's registration was obtained without good faith and without compliance with laws, Plaintiff is not entitled to federal registration of its marks.

162.    As a result, Plaintiff's trademarks are invalid and void ab initio, and they should therefore be cancelled.

## COUNTERCLAIM COUNT IV

### Cancellation or Restriction of Registration
### 15 U.S.C. §1119

163.    Defendant realleges paragraphs 1 through 162 as if fully set forth herein.

164.    Upon information and belief, Plaintiff has made false, material representations of fact in connection with their applications for the Registrations, with the intent to deceive the USPTO.

165.    Plaintiff have failed to police the respective marks. To date, Plaintiff has failed to police the above-referenced marks throughout the United States and beyond.

166.    Plaintiff's operations in the United States are limited in scope and the purported marks are not distinctive of its services in commerce.

167.    Based on the foregoing, Plaintiff's trademarks are invalid, and the Registrations should be cancelled.

## COUNTERCLAIM COUNT V

### Trademark Infringement and False Designation of Origin
### 15 U.S.C. § 1114, 1125(a)

168.    Defendant realleges Paragraphs 1 through 167 as if fully set forth herein.

169.    Defendant has used the names "Maxin" "Maxin Bakery", "Maxin Cafe" "美心", "美心西餅", and "美心餅屋" at least as early as 2002 for bakery goods and service in New York State.

170. Plaintiff is marketing and selling certain bakery products by using "Maxim", "Mei-Xin", "Hong Kong Mei Xin", "美心", "香港美心" marks.

171. Plaintiff's use of its marks seeks to deprive Defendant and its Affiliates of their substantial goodwill and is likely to cause confusion, or to cause mistake, or to deceive the public that Plaintiff's goods and/or services are authorized by or are affiliated with Defendants and its Affiliates.

172. Thus, Plaintiff's acts constitute trademark infringement or a false designation of origin, sponsorship, or approval in violation of 15 U.S.C. § 1125(a).

173. Defendant and its Affiliates are being damaged or are likely to be damaged in the future by the above-described acts of trademark infringement.

174. As a result, Defendant and its Affiliates have sustained damages, which are not ascertained yet but believed to be over $1,000,000, and are entitled to injunction relief and treble damages under 15 U.S.C. § 1117(a).

175. This is an exceptional case making Defendant and its Affiliates eligible for an award of attorney's fees under 15 U.S.C. § 1117(a).

### COUNTERCLAIM COUNT VI

### Dilution and Injury to Business Reputation
### N.Y. Gen Bus. Law § 360-l

176. Defendant realleges Paragraphs 1 through 175 as if fully set forth herein.

177. This cause of action arises under the New York State General Business Law, in particular N.Y. Gen. Bus. Law § 360-l.

178. Upon information and belief, to the extent that Defendant's use and Plaintiff's use of the marks at issue overlap, Defendant and its Affiliates are the senior users.

179.     Plaintiff is a junior user of Defendant and its Affiliates' marks, without permission, consent, or authorization, and Plaintiff has and is blurring and tarnishing the reputation of Defendant and its Affiliates' trademarks, diminishing their value.

180.     By reason of the foregoing, Plaintiff's actions have and continue to damage the reputation of Defendant and its Affiliates' trademarks in violation of the New York State General Business Law. N.Y. Gen. Bus. Law § 360-l.

181.     As a result, Defendant and its Affiliates have sustained damages, which are not ascertained yet but believed to be over $1,000,000, and are entitled to injunction relief.

## COUNTERCLAIM COUNT VII

## Common Law Unfair Competition

182.     Defendant realleges Paragraphs 1 through 181 as if fully set forth herein.

183.     This cause of action arises under the common law.

184.     Upon information and belief, to the extent that Defendant's use and Plaintiff's use of the marks at issue overlap, Defendant and its Affiliates are the senior users.

185.     Plaintiff's use of the marks at issue is misleading, confuses the public, and creates a likelihood of injury to Defendant's and its Affiliates' public image and reputation.

186.     Upon information and belief, as a result of Plaintiff's use of its marks at issue, has caused actual confusion, and/or a likelihood of confusion based on Plaintiff's bad faith actions.

187.     Plaintiff registers and uses marks with bad faith because it was aware of the existence of senior users.

188.     Plaintiff even took advantage of Defendant and its Affiliates, using them to help it enter into New York market and develop its business.

189. By reason of the foregoing, Defendant and its Affiliates are and will continue to suffer injuries due to Plaintiff's violation of New York law.

190. As a result, Defendant and its Affiliates have sustained damages, which are not ascertained yet but believed to be over $1,000,000, and are entitled to injunction relief

## COUNTERCLAIM COUNT VIII

### Declaratory Judgment

191. Defendant realleges Paragraphs 1 through 190 as if fully set forth herein.

192. In the event that the Court does not cancel Plaintiff's trademark registrations and holds Plaintiff's trademark registrations are valid, Defendant plead in the alternative for a judgment declaring that Defendant and its Affiliates are the senior users of the marks of "Maxin", "Mei Xin", and "美心" in connection with bakery/drinking goods and service within New York State, and thus, Defendant and its Affiliates' use of said marks in New York State do not and will not violate Plaintiff's rights.

193. By reason of the foregoing, an actual and justiciable controversy exists with respect to the parties' rights in the marks of "Maxin", "Mei Xin", and "美心".

194. A declaration by this Court would resolve all or a complete part of the controversy between the parties hereto, prevent Plaintiff from continuing to disrupt Defendant's and its Affiliates' business, forever determine the parties' rights and responsibilities for the actions taken with respect to said marks, and be in the interests of justice.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant respectfully demands a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully demands a judgment as follows:

1.      Dismissing Plaintiff's Complaint with prejudice in its entirety;

2.      Cancelling all of Plaintiff's trademark registration containing "Maxim", "Maxin", "Mei Xin", or "美心", including the trademark registrations 3463989, 3390314, 3389776, and other related trademarks as they may become known to Defendant through investigation, discovery, or otherwise, or requiring Plaintiff's trademark registrations to be amended to note that no claim is made to the exclusive right to use "Maxin", "Mei Xin", or "美心";

3.      Enjoying Plaintiff from using marks containing "Maxim", "Maxin", "Mei Xin", or "美心" in connection with bakery/drinking goods and service;

4.      Declaring that Defendant and its Affiliates' use of marks "Maxin", "Mei Xin", or "美心" in connection with bakery/drinking goods and service within New York State does not violate any of Plaintiff's trademark rights;

5.      Awarding Defendant treble damages for Plaintiff's willful violations of Defendant's rights;

6.      Awarding Defendant with costs and disbursement and reasonable attorney's fees, including those under 15 U.S.C. § 1117; and

7.      Granting such other and further relief as the Court may deem just and proper.

Date:   June 24, 2020
        Queens, New York

Respectfully submitted,
**HUANG, CHEN, & WU PLLC**

/s/Song Chen
Song Chen, Esq. (SC-4130)
*Attorneys for Defendant*
*Maxin Bakery, Inc.*
38-08 Union Street, Suite 9B
Flushing, New York 11354
Tel: (718) 886-5900
Email: schen@hcwlawgroup.com